

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Edgar Pfeil, County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. 0-1250
Re: Is the county authorized to make a donation of $3,500.00 toward the purchase price of a tract of land to be used for National Guard Unit, county fairs and other public celebrations, where the balance of the purchase price and all subsequent expenses will be paid by the city?

Your request for an opinion on the questions, as are herein stated, has been received by this office.

We quote from your brief as follows:

"The city of Seguin is contemplating the purchase of 58 acres of land with certain improvements thereon, to be used for public purposes such as, County fairs, baseball diamond and National Guard drill grounds and headquarters. The total purchase price of said property is $10,000.00.

"The Commissioner's Court of Guadalupe County has agreed to donate $3,500.00 toward the purchase price of said property but it is to have nothing further to do with it thereafter in the way of additional improvements or operating costs. The city will have to pay all other costs whatever.

"(1). Is the County authorized to make a donation of $3,500.00 toward the purchase price of a tract of land to be used for

National Guard unit, County fairs and other
public celebrations, where the balance of
the purchase price and all subsequent expenses
will be paid by the city?

"(2). If so, may the County charge such
donation to:
(a) The General Road & Bridge Fund?
(b) The Permanent Improvement Fund?
(c) The General Fund?

"(3). If such donation can be charged
to the General Fund, (or any other fund),
and such fund has only $1500.00 available
out of its current funds, can the County is-
sue a time warrant dated September 1, 1939,
payable September 1, 1940, with interest at
5% for the $2,000.00 balance, without vio-
lating Art. 11 Sec. 7 of the Texas Constitu-
tion?

"(4). If the current revenues of the
General Fund are not sufficient to stand
the $3500.00 donation - either in cash or
by warrants payable within the current year,
or out of revenues reasonably anticipated
during the current year - is there any oth-
er manner in which the County would be au-
thorized to issue warrants without having
to provide for a special tax for the pay-
ment thereof?"

Articles 6078, 6080, and Section 2 of Article
6081e, Revised Civil Statutes, read as follows:

"Art. 6078. Tax for parks.
Each commissioners court is authorized
to levy and collect a tax not to exceed five
cents on each $100 of assessed valuation
of the county for the purchase and improve-
ment of lands for use as county parks which
shall consist of not more than one hundred
acres, and shall not exceed more than four

in any county. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property tax-paying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. * * * Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe."

"Art. 6080. City parks
The governing body of any incorporated city may purchase, improve and maintain land for use as city parks. Such parks shall not exceed two in number for each two thousand inhabitants. If such body establishes more than one of such parks, it shall locate them in widely separated parts of the city. Such body is authorized to levy and collect a tax not to exceed five cents on each one hundred dollars of its assessed valuation for the purchase and improvement of lands for use as such parks, and may levy and collect a like annual tax to properly maintain such parks. Said body shall have full power and authority over all such parks, and may build and construct such building as they may deem necessary, lay out and open driveways and walks, pave any part thereof, con-

struct ditches or lakes, set out trees and
shrubs, and make such other improvements as
they may deem proper. Such parks shall re-
main open for the free use of the public un-
der such reasonable rules as said body may
prescribe."

Sections 1 and 2 of Article 6018e:

"Sec. 1. That any county or any incor-
porated city of this State, either independ-
ently or in cooperation with each other, or
with the Texas State Parks Board, may acquire
by gift or purchase or by condemnation pro-
ceedings, lands to be used for public parks
and playgrounds, such land to be situated
in any locality in this State and in any
sized tracts deemed suitable by the govern-
ing body of the city or county acquiring
same; provided, however, that lands to be
acquired by any such city or county for said
purposes may be, in the discretion of the
governing body thereof, situated within the
State, either within or without the boundary
limits of such city, but within the boundary
limits of said county and within the limits
of said county wherein said city lies or is
situated.

"Sec. 2. To pay for lands for park pur-
poses, an incorporated city and/or county
may issue bonds, and may levy a tax not ex-
ceeding Ten (10) Cents on the One Hundred
Dollars ($100) valuation of taxable proper-
ty in such city and/or county to pay the
interest and provide a sinking fund to re-
tire such bonds, the issuance of such bonds,
and the collection of taxes in payment there-
of to be in accordance with the provisions
of Chapter 1, Title 22, Revised Civil Stat-
utes of 1925, governing the issuance of
bonds by cities, towns, and/or counties in
this State; this Section shall be construed

to authorize the levying of said tax not exceeding Ten (10) Cents on the One Hundred Dollars ($100) of valuation notwithstanding the provisions of Article 6080 of the Revised Civil Statutes of 1925."

Article 5885, Revised Civil Statutes, as amended by the Forty-sixth Legislature, reads as follows:

"Each Commissioners' Court and the Council or commission of each City or Town in this State is hereby authorized in their discretion, to appropriate a sufficient sum, not otherwise appropriated, to pay the necessary expenses of the Administrative units of the National Guard of this State located in their respective Counties and in or near their respective Cities or Towns, not to exceed the sum of One Hundred ($100) Dollars per month for such expenses from any one such Court, Council or Commission for any one organization; and in addition, in behalf of their respective Counties, cities or Towns, to donate, either in fee simple or otherwise, to the Texas National Guard Armory Board, or to any one or more of said units for conveyance to said Board, one or more tracts of land as sites upon which to construct Armories and other buildings suitable for use by such units; and any and all such donations heretofore made to said Board are hereby validated and any such donation heretofore made to any such administrative unit, either as a corporation or otherwise, and conveyed or to be conveyed to said Board, is hereby validated. * * *"

We quote from Tex. Jur., Vol. 11, p. 609, as follows:

"The constitution prescribes the maximum rate of taxes for general purposes, for roads

and bridges, for juries, and for permanent
improvements, respectively. The moneys
arising from taxes levied and collected for
each of the enumerated purposes are consti-
tutional funds; and the commissioners court
has no power to transfer money from one fund
to another, or to expend, for one purpose,
tax money raised ostensibly for another pur-
pose.

"The immediate purpose of the provision
is to limit the amount of taxes that may be
raised for these several purposes, respect-
ively; but it is also designed to inhibit
excessive expenditures for any such purpose,,
and to require that any and all moneys raised
by taxation for any purpose shall be applied
to that particular purpose and to no other."

Also, see the cases of:

Commissioners' Court of Henderson County v.
    Burke, 262 S.W. 94;
Ault v. Hill County, 116 S.W. 359;
Section  9, Article 8 of the State Constitu-
    tion;
Carroll v. Williams, 202 S.W. 504.

We quote from Tex. Jur., Vol. 11, p. 611, as
follows:

"No implied power to transfer money from
one to another constitutional fund is derived
from the fact that the original fund contains
more than enough to meet the current demands
against it.  Such excess may be retained in
that fund and applied in succeeding years
to the purpose for which it was raised, there-
by possibly reducing the future tax rate
for that purpose.

"It seems to have been assumed in some
cases that the transference of money from

one fund to another is invalid only in the event, and to the extent, that the latter fund is increased beyond the constitutional limit. But it is now settled that the circumstance that any particular levy of taxes for a specific fund was made at a rate less than the maximum rate permitted bythe constitution does not affect the situation. The maximum amount which may be expended for each class of purposes is determined by the amount actually and specifically raised therefor, - not by the amount which legally might have been levied and raised. * * *"

In the case of Edwards County v. Jennings, 33 S.W. 585, the court held that counties are component parts of the state and have no powers or duties except those which are clearly set forth in defining the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authorities vested in the counties.

In the cases of:

Sun Vapor Electric Light Company v. Keenan,
    30 S.W. 868;
Hill County v. Hamilton, 273 S.W. 292;
Temple Lumber Company v. Commissioners'
    Court of Sabine County, 239 S.W. 668;
City of Breckenridge v. Stephens County, 26
    S.W. (2d) 405;
Moore v. McLennan County, 275 S.W. 478;
Seward v. Falls County, 246 S.W. 728,

and numerous other cases we do not deem necessary to cite, the courts have held that the commissioners' courts are courts of limited jurisdiction, and that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, - that is, by

the constitution and statutes of the state.

It is a well recognized principle of law that where the Legislature prescribes a definite, certain method of procedure for a city or county to follow, other methods are by implication of law excluded. Foster v. City of Waco (Supreme Court) 255 S.W. 1104.

The above quoted statutes provide the method and manner by which an incorporated city or county, either independently or in cooperation with each other, or with the Texas State Parks Board, may acquire by gift or purchase, or by condemnation proceedings, lands to be used for public parks and playgrounds, and Article 5885, supra, provides and sets forth the manner in which a city or town or county may donate money or real estate to the Texas National Guard Armory Board,. However, these statutes do not authorize the county to make a donation as stated in your inquiry.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that your first question should be answered in the negative. Therefore, it is not necessary to answer the other questions submitted in your inquiry.

Trusting that we have satisfactorily answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/    Ardell Williams
Assistant

AW:ob

APPROVED AUG 24, 1939

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By   BWB
chairman